

FILED
Nov 27, 2018

*Dallas Office*
**Chief Disciplinary Counsel**

**BEFORE THE DISTRICT 14 GRIEVANCE COMMITTEE
EVIDENTIARY PANEL 14-2
STATE BAR OF TEXAS**

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § § § | |
| Petitioner | § § | |
| V. | § | CASE NO. 201707583 |
| | § § | |
| JASON LEE VAN DYKE, | § | |
| Respondent | § | |

## SECOND AMENDED EVIDENTIARY PETITION

COMES NOW, the Commission for Lawyer Discipline (Petitioner), and would respectfully show the following:

### I.  Parties

Petitioner is a committee of the State Bar of Texas. **JASON LEE VAN DYKE**, State Bar No. **24057426** (Respondent), is an attorney licensed to practice law in the State of Texas. Respondent may be served with process at 108 Durango Drive, Crossroads, Texas 76277, or wherever he may be found.

### II.  Jurisdiction & Venue

This Disciplinary Proceeding is brought pursuant to the State Bar Act, TEX. GOV'T. CODE ANN. Sec. 81.001, *et seq.*, the Texas Disciplinary Rules of Professional Conduct, and the Texas Rules of Disciplinary Procedure.  The complaint that forms the basis of this Disciplinary Proceeding was filed by Thomas C. Retzlaff on or after January 1, 2004.  Venue is proper in Denton County, Texas, pursuant to Rule 2.11(B) of the Texas Rules of Disciplinary Procedure, because Denton County is the county of Respondent's principal place of practice.

### III.  Professional Misconduct

The acts and omissions of Respondent as alleged below, constitute professional misconduct.

### IV.  Factual Allegations

On or about March 28, 2018, Respondent filed a lawsuit against Complainant, Thomas C. Retzlaff (Complainant), in retaliation for Retzlaff filing a grievance against Respondent. Further, beginning in or around March 2018, Respondent repeatedly told Complainant to kill himself and made multiple threats of physical violence to Retzlaff, thereby committing criminal acts that reflect adversely on Respondent's honesty, trustworthiness or fitness as a lawyer. The threats Respondent made to the Complainant and/or criminal acts committed by Respondent include but are not limited to the following: 1) Respondent threatened Complainant, "No more lawsuit. See you this weekend with my rifle"; 2) Respondent threatened Complainant, "If you do not stop calling my clients, I will make you suffer. Better watch your back Tom"; 3) Respondent threatened Complainant, "Did you know that, when I strangle you, that you could be conscious to feel all of that pain for up to three minutes before brain death occurs? What kind of vegetable would you like to be for the rest of your life? How about a turnip?"; 4) Respondent threatened Complainant, "lol. you are a dead man. enjoy it while it lasts"; 5) Respondent threatened Complainant, "I can't wait to see your fat ass on the other end of my scope. Did you know that a 190 grain 300 Winchester Magnum round travels at approximately 2,800 feet per second?"; 6) Respondent threatened Complainant, "What do you want on your polished rock, Tom? I'm coming for you. Sure as God's vengeance I'm coming. Nobody will ever be harassed by you again. You're taking a dirt nap"; 7) Respondent threatened Complainant, "you better have your will made out Thomas. Im (sic) coming for YOU!"; 8) Respondent threatened Complainant,

"You are a dead man"; 9) Respondent told Complainant, "[y]ou should kill yourself"; 10) Respondent told Complainant, "[k]ill yourself, Tom"; 11) Respondent told Complainant "[g]o kill yourself"; 12) Respondent threatened Complainant, "[y]ou should kill yourself"; and, 13) Respondent told Complainant, "[k]eep digging your own grave. And while you are at it: kill yourself."

In addition, in or around November 2018, after the Evidentiary Petition was filed in this matter, Respondent, again sent a death threat and/or statement intended to harass, annoy, alarm, abuse, torment, embarrass, or offend via social media to Complainant in which Respondent posted a picture of himself with a gun, directing his post at the Complainant.

## V. Disciplinary Rules of Professional Conduct

The conduct described above is in violation of the following Texas Disciplinary Rules of Professional Conduct:

**8.04(a)(2)**   A lawyer shall not commit a serious crime or commit any other criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

## VI. Complaint

The complaint that forms the basis of the cause of action set forth above was brought to the attention of the Office of the Chief Disciplinary Counsel of the State Bar of Texas by Thomas C. Retzlaff filing a complaint on or about December 20, 2018.

## VII. Prayer

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that a judgment of professional misconduct be entered against Respondent and that this Evidentiary Panel impose an appropriate sanction against Respondent as warranted by the facts. Petitioner further prays to

recover all reasonable and necessary attorneys' fees and all costs associated with this proceeding. Petitioner further prays for such other and additional relief, general or specific, at law or in equity, to which it may show itself entitled.

Respectfully submitted,

**Linda A. Acevedo**
Chief Disciplinary Counsel

**Kristin V. Brady**
Assistant Disciplinary Counsel

Office of the Chief Disciplinary Counsel
State Bar of Texas
The Princeton
14651 Dallas Parkway, Suite 925
Dallas, Texas  75254
Telephone: (972) 383-2900
Facsimile: (972) 383-2935
Email: kristin.brady@texasbar.com

_____
**Kristin V. Brady**
State Bar No. 24082719

ATTORNEYS FOR PETITIONER

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on Respondent, Jason Lee Van Dyke on this the 27th day of November 2018, via email (jason@vandykelawfirm.com).

_____
**Kristin V. Brady**