BEFORE THE DISTRICT 14 GRIEVANCE COMMITTEE
EVIDENTIARY PANEL 14-2
STATE BAR OF TEXAS

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, Petitioner | § § § § | |
| V. | § § | CASE NO. 201707583 |
| JASON LEE VAN DYKE, Respondent | § § | |

**PETITIONER'S OBJECTIONS AND RESPONSES TO
RESPONDENT'S FIRST SET OF INTERROGATORIES TO PETITIONER**

**TO:**   Respondent, Jason Lee Van Dyke, 108 Durango Drive, Crossroads, Texas 76277.

The Commission for Lawyer Discipline, Petitioner in this cause, serves the following Answers and Objections to Respondent's First Interrogatory to Petitioner, pursuant to the Texas Rules of Civil Procedure and the Texas Rules of Disciplinary Procedure:

**GENERAL OBJECTIONS**

1.   Petitioner objects to all of the interrogatories because in their broad scope they seek discovery of information or documents that are confidential and privileged under the attorney work product doctrine and/or the attorney-client privilege.  While such discovery may not be the intended target of those discovery requests, the overly broad scope necessarily would include confidential and privileged information, to which Petitioner objects and for which it seeks protection.  Specifically, Petitioner objects to production of investigatory notations, correspondence, and materials and thought processes thereof (and tangible evidence thereof) per *Greenspan v. State*, 618 S.W.2d 939 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.).

2.    To the extent that Respondent seeks production of confidential and privileged information, Petitioner objects to such production and asserts Rules 2.16, 3.05, 4.04, 6.08 and 15.08 of the Texas Rules of Disciplinary Procedure.

3.    Petitioner objects to the instructions contained in Respondent's Interrogatories to the extent those instructions attempt to impose any duty or obligation not contained in the Texas Rules of Civil Procedure.

4.    The responses set forth below are made subject to and without waiver of the foregoing objections, which are incorporated by reference in each of those responses.

**Interrogatory No. 1:**

Identify any document submitted to you (that relates or pertains to this proceeding) between March 1, 2017 – June 20, 2018 by Complainant.

**ANSWER: Please see Exhibit "A" attached hereto and incorporated herein.**

**Interrogatory No. 2:**

Have you ever been contacted by Complainant through electronic mail?  If so, please provide all e-mail addresses used by Complainant to contact you.

**ANSWER: retzlaff@texas.net, dean714@yandex.com**

**Interrogatory No. 3:**

Identify any document submitted to you (that relates or pertains to this proceeding) between March 1, 2018 – June 20, 2018 by any person purporting to be named "Dean Anderson."

**ANSWER: Please see Exhibit "A" attached hereto and incorporated herein.**

**Interrogatory No. 4:**

Identify any and all other persons, other than Respondent, who submitted documents to you during the course of your investigation of the complaint which formed the basis of this proceeding.

ANSWER: John Jones and Abraham Huertas.

**Interrogatory No. 5:**

Identify all documents, other than those submitted by Respondent, that were considered by you in the investigation of the complaint which formed the basis for this proceeding.

**ANSWER: Please see Exhibit "A" attached hereto and incorporated herein.**

**Interrogatory No. 6:**

Please state the factual basis for your contention that Respondent violated Rule 4.04(b)(2) of the Texas Disciplinary Rules of Professional Conduct and identify any documents that support your contention. When making your response, please state the date that any such conduct is alleged to have occurred and the manner in which it occurred.

**ANSWER: Interrogatory was withdrawn by Respondent.**

**Interrogatory No. 7:**

Please state all criminal acts that you allege were committed by Respondent in violation of Rule 8.04(a)(2). For each such criminal act, please state the date upon which the criminal act was committed, the county in which the criminal act was committed, the precise statute that you allege was violated by Respondent, the grade of offense that you allege was committed (e.g. misdemeanor or felony), and the maximum range of punishment for said offense.

**ANSWER: Petitioner objects to this interrogatory in that it violates Texas Rules of Civil Procedure 197.1 by requiring Petitioner to marshal all of its available proof or the proof that Petitioner intends to offer at trial. Subject to and without waiving said objection, Petitioner responds as follows:**
**1) 3/28/2018 – Respondent threatened Complainant, "No more lawsuit. See you this weekend with my rifle"; Denton County and County where Complainant resides; Texas Penal Code, Chapter 22 (22.01, 22.07) and any federal law counterpart, Chapter 42 (42.07, 42.072) and any federal law counterpart; 25 CFR 11.400, 25 CFR 11.402; misdemeanor and/or felony.**

**2) 3/28/2018 – Respondent threatened Complainant, "If you do not stop calling my clients, I will make you suffer. Better watch your back Tom"; Denton County and County where Complainant resides; Texas Penal Code, Chapter 22 (22.01, 22.07 and any federal law counterpart, Chapter 42 (42.07, 42.072) and any federal law counterpart; 25 CFR 11.400, 25 CFR 11.402; misdemeanor and/or felony.**

**3) 3/28/2018 – Respondent threatened Complainant, "lol. you are a dead man. enjoy it while it lasts"; Denton County and County where Complainant resides; Texas Penal Code,**

Chapter 22 (22.01, 22.07) and any federal law counterpart, Chapter 42 (42.07, 42.072) and any federal law counterpart; 25 CFR 11.400, 25 CFR 11.402; misdemeanor and/or felony.

4) 3/28/2018 – Respondent threatened Complainant, "I can't wait to see your fat ass on the other end of my scope. Did you know that a 190 grain 300 Winchester Magnum round travels at approximately 2,800 feet per second?"; Denton County and County where Complainant resides; Texas Penal Code, Chapter 22 (22.01, 22.07) and any federal law counterpart, Chapter 42 (42.07, 42.072) and any federal law counterpart; 25 CFR 11.400, 25 CFR 11.402; misdemeanor and/or felony.

5) 3/28/2018 – Respondent threatened Complainant, "What do you want on your polished rock, Tom? I'm coming for you. Sure as God's vengeance I'm coming. Nobody will ever be harassed by you again. You're taking a dirt nap"; Denton County and County where Complainant resides; Texas Penal Code, Chapter 22 (22.01, 22.07) and any federal law counterpart, Chapter 42 (42.07, 42.072) and any federal law counterpart; 25 CFR 11.400, 25 CFR 11.402; misdemeanor and/or felony.

6) 3/28/2018 – Respondent threatened Complainant, "you better have your will made out Thomas. Im (sic) coming for YOU!"; Denton County and County where Complainant resides; Texas Penal Code, Chapter 22 (22.01, 22.07) and any federal law counterpart, Chapter 42 (42.07, 42.072) and any federal law counterpart; 25 CFR 11.400, 25 CFR 11.402; misdemeanor and/or felony.

7) 3/28/2018 – Respondent threatened Complainant, "You are a dead man."; Denton County and County where Complainant resides; Texas Penal Code, Chapter 22 (22.01, 22.07) and any federal law counterpart, Chapter 42 (42.07, 42.072) and any federal law counterpart; 25 CFR 11.400, 25 CFR 11.402; misdemeanor and/or felony.

8) 4/3/2018 – Respondent threatened Complainant, "Did you know that, when I strangle you, that you could be conscious to feel all of that pain for up to three minutes before brain death occurs? What kind of vegetable would you like to be for the rest of your life? How about a turnip?"; Denton County and County where Complainant resides; Texas Penal Code, Chapter 22 (22.01, 22.07) and any federal law counterpart, Chapter 42 (42.07, 42.072) and any federal law counterpart; 25 CFR 11.400, 25 CFR 11.402; misdemeanor and/or felony.

9) 4/5/2018 – Respondent told Complainant to '[y]ou should kill yourself."; Denton County and County where Complainant resides; Texas Penal Code, Chapter 22 (22.01, 22.07) and any federal law counterpart, Chapter 42 (42.07, 42.072) and any federal law counterpart; 25 CFR 11.400, 25 CFR 11.402; misdemeanor and/or felony.

10) 4/6/2018 – Respondent told Complainant "[k]ill yourself, Tom."; Denton County and County where Complainant resides; Texas Penal Code, Chapter 22 (22.01, 22.07) and any federal law counterpart, Chapter 42 (42.07, 42.072) and any federal law counterpart; 25 CFR 11.400, 25 CFR 11.402; misdemeanor and/or felony.

11) 4/7/2018 – Respondent told Complainant to '[g]o kill yourself.''; Denton County and County where Complainant resides; Texas Penal Code, Chapter 22 (22.01, 22.07) and any federal law counterpart, Chapter 42 (42.07, 42.072) and any federal law counterpart; 25 CFR 11.400, 25 CFR 11.402; misdemeanor and/or felony.

12) 4/8/2018 – Respondent told Complainant to '[y]ou should kill yourself.''; Denton County and County where Complainant resides; Texas Penal Code, Chapter 22 (22.01, 22.07) and any federal law counterpart, Chapter 42 (42.07, 42.072) and any federal law counterpart; 25 CFR 11.400, 25 CFR 11.402; misdemeanor and/or felony.

13) 4/8/2018 – Respondent threatened Complainant to '[k]eep digging your own grave. And while you are at it: kill yourself.''; Denton County and County where Complainant resides; Texas Penal Code, Chapter 22 (22.01, 22.07) and any federal law counterpart, Chapter 42 (42.07, 42.072) and any federal law counterpart; 25 CFR 11.400, 25 CFR 11.402; misdemeanor and/or felony.


**Interrogatory No. 8:**

Please state precisely the manner in which you allege any of the criminal acts alleged in your response to interrogatory six above reflect adversely in Respondent's "honesty".

**ANSWER: Petitioner objects to this interrogatory in that it violates Texas Rules of Civil Procedure 197.1 by requiring Petitioner to marshal all of its available proof or the proof that Petitioner intends to offer at trial. Subject to and without waiving said objection, Petitioner responds as follows: The nature of the offenses reflect adversely on Respondent's honesty, trustworthiness and fitness as a lawyer. The crimes committed and threats propounded call into question Respondent's moral fitness to continue to practice law. Respondent committed crimes of moral turpitude which reflect adversely on Respondent's honesty, trustworthiness, or fitness as a lawyer. Respondent's deliberate actions, repeated death threats, and other harassing and threatening statements reflect adversely on Respondent's honesty, trustworthiness and fitness as a lawyer. Respondent has failed in his obligation to maintain the highest standards of ethical conduct and has failed to conform to the requirements of the law resulting in a possible loss of respect and confidence in the profession. Respondent's actions exhibit qualities of mental and psychological health that reflect Respondent's lack of fitness to practice law.**


**Interrogatory No. 9:**

Please state precisely the manner in which you allege any of the criminal acts alleged in your response to interrogatory six above reflect adversely in Respondent's "trustworthiness"

**ANSWER: Petitioner objects to this interrogatory in that it violates Texas Rules of Civil Procedure 197.1 by requiring Petitioner to marshal all of its available proof or the proof that Petitioner intends to offer at trial. Subject to and without waiving said objection, Petitioner responds as follows: The nature of the offenses reflect adversely on Respondent's**

honesty, trustworthiness and fitness as a lawyer. The crimes committed and threats propounded call into question Respondent's moral fitness to continue to practice law. Respondent committed crimes of moral turpitude which reflect adversely on Respondent's honesty, trustworthiness, or fitness as a lawyer. Respondent's deliberate actions, repeated death threats, and other harassing and threatening statements reflect adversely on Respondent's honesty, trustworthiness and fitness as a lawyer. Respondent has failed in his obligation to maintain the highest standards of ethical conduct and has failed to conform to the requirements of the law resulting in a possible loss of respect and confidence in the profession. Respondent's actions exhibit qualities of mental and psychological health that reflect Respondent's lack of fitness to practice law.

**Interrogatory No. 10:**

Please state precisely the manner in which you allege any of the criminal acts alleged in your response to interrogatory six above reflect adversely in Respondent's "fitness as a lawyer in other respects." In making your response to this interrogatory, "fitness" has the same meaning as the term is defined in the Texas Disciplinary Rules of Professional Conduct.

**ANSWER: Petitioner objects to this interrogatory in that it violates Texas Rules of Civil Procedure 197.1 by requiring Petitioner to marshal all of its available proof or the proof that Petitioner intends to offer at trial. Subject to and without waiving said objection, Petitioner responds as follows: The nature of the offenses reflect adversely on Respondent's honesty, trustworthiness and fitness as a lawyer. The crimes committed and threats propounded call into question Respondent's moral fitness to continue to practice law. Respondent committed crimes of moral turpitude which reflect adversely on Respondent's honesty, trustworthiness, or fitness as a lawyer. Respondent's deliberate actions, repeated death threats, and other harassing and threatening statements reflect adversely on Respondent's honesty, trustworthiness and fitness as a lawyer. Respondent has failed in his obligation to maintain the highest standards of ethical conduct and has failed to conform to the requirements of the law resulting in a possible loss of respect and confidence in the profession. Respondent's actions exhibit qualities of mental and psychological health that reflect Respondent's lack of fitness to practice law.**

**Interrogatory No. 11:**

Please state the date, if any, that you allege Respondent was arrested for, charged with, or convicted of any of the crimes referenced in your response to interrogatory number six above. In making your response, please state the name of the arresting agency, the court in which the offense was prosecuted, and either (a) the final disposition of the offense; or (b) that the criminal case against Respondent is still pending.

**ANSWER: Petitioner is currently unaware of any arrest.**

**Interrogatory No. 12:**

Please identify all documents relied upon by you to answer these interrogatories.

**ANSWER: Please see Exhibit "A".**


**Interrogatory No. 13:**

Please identify all persons whom you will call to testify at trial and detail the substance of his/her testimony.

**ANSWER:**

1) **Thomas Retzlaff, testify to the receipt and effect of death threats, seeing Respondent make death threats to other individuals, what Retzlaff did after receiving death threats.**
2) **Jason Van Dyke, testify to the drafting and sending of death threats to Retzlaff and other individuals.**
3) **Law enforcement, to be specifically named at a later date.**
4) **Jolene Bartlett, investigator to testify regarding her investigation of the grievance.**
5) **Kristin V. Brady, testify to attorney's fees and costs.**


**Interrogatory No. 14:**

If you, your agents, your employees, or lawyers have obtained statements from any person with knowledge of relevant acts, whether written, oral, recorded, or otherwise, identify the same and, if oral, state the identity of the person from whom the statement was taken, the date of the statement, and the identity of the person who took the statement.

**ANSWER: No statements have been obtained other than any grievances or emails provided by Retzlaff that are in possession of Respondent.**


**Interrogatory No. 15:**

Please identity all evidence that you intend to offer at any final hearing with respect to a recommended sanction, or which tends to prove or disprove any of the factors stated in Rule 3.10 of the Texas Disciplinary Rules of Professional Conduct.

**ANSWER: Petitioner objects to this interrogatory in that it violates Texas Rules of Civil Procedure 197.1 by requiring Petitioner to marshal all of its available proof or the proof that Petitioner intends to offer at trial. Subject to and without waiving said objection, Petitioner responds as follows: In addition to all evidence listed in Interrogatory No.7, Petitioner intends to offer the effect of Respondent's threats on Complainant, Respondent's**

**prior discipline history, Respondent's other and prior acts of communicating death threats to other individuals, and attorney's fees and costs of Petitioner.**

**Interrogatory No. 16:**

In the event that the panel finds that Respondent violated the Texas Disciplinary Rules of Professional Conduct, please state the sanction that you intend to recommend to the court.

**ANSWER: Unknown at this time.**

Respectfully submitted,

**Linda A. Acevedo**
Chief Disciplinary Counsel

**Kristin V. Brady**
Assistant Disciplinary Counsel

State Bar of Texas
The Princeton
14651 Dallas Parkway, Suite 925
Dallas, Texas 75254
TELEPHONE (972) 383-2900
FAX (972) 383-2935
EMAIL kristin.brady@texasbar.com

*/s/Kristin V. Brady*
**Kristin V. Brady**
State Bar Card No. 24082719

ATTORNEYS FOR PETITIONER

## VERIFICATION STATEMENT

Pursuant to TRCP 197.2(d), any factual assertions contained in the foregoing Answers to Interrogatories are based upon information obtained from other persons in the process of investigating the complaints giving rise to these proceedings and need not be verified by a party, or constitute statements regarding persons with knowledge, trial witnesses or legal contentions.

Kristin V. Brady

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served on Respondent, Jason Lee Van Dyke, 108 Durango Drive, Crossroads, Texas 76277, on this the ___ day of September 2018, via email (jason@vandykelawfirm.com).

*/s/Kristin V. Brady*
Kristin V. Brady