IN THE UNITED STATES DISTRICT COUR
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re Jason Lee Van Dyke | § § § § | No. 3:19-MC-018-B |

# **ORDER**

The State Bar of Texas has notified the court that attorney Jason Lee Van Dyke ("Counsel") was suspended from the practice of law pursuant to an Agreed Judgment of Partially Probated Suspension ("Agreed Judgment"). *See* ECF No. 1-1. Counsel is therefore subject to the reciprocal loss of his membership on the bar of this court under Local Criminal Rule 57.8(a) and (h). Under Rule 57.8(a)(1), reciprocal discipline may be imposed if the state-court suspension is for "any reason" other than nonpayment of dues, failure to meet continuing legal education requirements, or voluntary resignation unrelated to a disciplinary proceeding or problem.

On March 11, 2019, the undersigned issued a standing order for Counsel to show cause why reciprocal discipline should not be imposed. *See* ECF No. 1. In a response filed March 18, 2019 (ECF No. 2), Counsel maintains that reciprocal discipline should not be imposed because the conduct underlying his judgment of suspension, even if true, was not a proper basis for professional discipline under the Texas Disciplinary Rules of Professional Conduct.

Whether the conduct underlying Counsel's suspension is sufficient to support the Agreed Judgment is not before this Court, however. As noted above, reciprocal

discipline may be imposed when suspension is for any reason other than the three listed in Rule 57.8(a)(1).

Counsel's response fails to address the local provisions for reciprocal discipline and instead presents an argument more suitable to the state proceedings. **Accordingly, counsel shall file a supplemental response to the court's show cause order on or before March 28, 2019**. The supplemental response shall state why this court should not impose a reciprocal sanction under Rule 57.8(a) and (h).

Signed this 21st day of March, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE