**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JASON LEE VAN DYKE | § | |
|     Respondent | § | CASE NO. 3:19-mc-00018-B |
| v. | § | |
| | § | |
| JASON LEE VAN DYKE | § | |
|     Respondent | § | |

## **SUPPLEMENT TO RESPONSE**

COMES NOW, Respondent, Jason Lee Van Dyke, and would respectfully ask that this Honorable Court enter an order denying reciprocal discipline before this Court under Local Rule 57.8.

### **I.**

### **( Introduction )**

1. Respondent incorporates by reference herein his response filed on March 18, 2019.  In obedience to this Court's order entered on March 21, 2019 to show cause under Local Rule 57.8(h).

### **II.**

### **( Rule 57.8(a) )**

2. Rule 57.8(a) states that as follows a member of the bar of this court is subject to suspension or disbarment by the court if an attorney temporarily loses the right to practice before the courts of the State of Texas; the highest court of any other state or the District of Columbia; or any federal court. The rule also subjects an attorney to discipline if that attorney fails to maintain the right to practice law before the highest court of at least one state or the District of Columbia, unless the

SUPPLEMENT

member's failure to maintain such right results from nonpayment of dues or failure to meet continuing legal education requirements.

4.    Respondent does not contest that he has temporarily lost his right to practice before the courts of the State of Texas.  However, Respondent is still authorized to practice law in the State of Georgia.

5.    Although Respondent is subject to discipline by this Court by virtue of having been temporarily suspended from the practice of law in Texas courts, Respondent is still eligible to practice law in the State of Georgia.

### ( Rule 57.8(h) )

6.    The Court correctly notes that reciprocal discipline *may* be imposed is an attorney is suspended for any reason other than non-payment of fees, failure to meet continuing education requirements, or resignation unrelated to a disciplinary proceeding or problem.

7.    This Court notified Respondent to show cause why discipline should not be imposed through this Court's electronic filing system, and Respondent promptly filed a response to the order providing his reasoning why this Court should decline to impose reciprocal discipline.

8.    The clear wording of Local Rules 57.8(a) nor 57.8(h) *permit* this Court to take disciplinary action against Respondent following a disciplinary suspension; they do not compel this Court to treat the findings of a state disciplinary authority as binding and they do not bind this Court to take any such action against an attorney licensed to practice before it.

SUPPLEMENT

**( Reciprocal Discipline May Be Opposed In This Manner )**

9.      In response to the show cause order, Respondent set forth a litany of specific

reasons why, notwithstanding the Texas judgment, this Court should decline to

impose reciprocal discipline in this case: The disciplinary petition filed against

Respondent by CLD was so clearly lacking in both factual and legal merit that the

conclusion reached should not be accepted by this or any other Court as a

sufficient basis for professional discipline.  ECF 2, ¶ 30.  Respondent made

complete legal argument and provided this Court with substantial evidence to

demonstrate why the conclusion reached should not be accepted by this Court.

10.      As this Court is not bound to impose any discipline at all on Respondent, and

because Respondent has clearly opposed reciprocal discipline through his

response, Local Rule 57.8(h)(3) mandates that a three-judge panel be appointed to

consider whether reciprocal discipline should be imposed.

11.      The remedy requested by Respondent is consistent with Rule 22 of the ABA's

*Model Rules for Lawyer Disciplinary Enforcement* which provide that an attorney

opposing reciprocal discipline do so by demonstrating: (a) [t]he procedure was so

lacking in notice or opportunity to be heard as to constitute a deprivation of due

process; or (b) There was such infirmity of proof establishing the misconduct as

to give rise to the clear conviction that the court could not, consistent with its

duty, accept as final the conclusion on that subject; or (c) The discipline imposed

would result in grave injustice or be offensive to the public policy of the

jurisdiction; [or] (d) The reason for the original transfer to disability inactive

SUPPLEMENT

status no longer exists.  The State Bar of Texas has adopted similar rules for reciprocal discipline.  See Tex. R. Discip. P. 9.04.

12.  In this case, Respondent argued two of these issued before this court: that there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject and that the discipline imposed would result in grave injustice or be offensive to the public policy of the jurisdiction.

### III.

### ( Conclusion )

13.  The local rules of practice before this Court permit it to impose reciprocal discipline upon a member of the bar of this Court when they are subject to suspension under Local Rule 57.8(h). The local rules do not *mandate* that imposition of discipline; when reciprocal discipline is opposed (as it is in this manner), the question of whether to impose discipline is left to the sound discretion of the Court subject to the procedure set forth in Local Rule 57.8(h)(3).

14.  Respondent has filed a detailed response, with multiple exhibits, to the show cause order entered in this case. Respondent believes that he has at least two defenses to the imposition of reciprocal discipline by this Court – defenses that he would have under both the ABA Model Rules for Lawyer Disciplinary Enforcement and if he had been subject to reciprocal discipline under the Texas Rules of Disciplinary Procedure.

15.  Since Respondent opposes reciprocal discipline by this Court, this matter should be set for an oral hearing.

SUPPLEMENT

Respectfully submitted,

<u>/s/ Jason Lee Van Dyke</u>
Jason L. Van Dyke
State Bar No. 24057426
108 Durango Drive
Crossroads, TX 76227
P – (940) 305-9242
Email:  jasonleevandyke@protonmail.com

SUPPLEMENT